On the third day of October, 1873, the Honorable CHARLES DEVENS, JR., one of the justices of the Superior Court, was appointed a justice of this court, in place of Mr. Justice GRAY, appointed chief justice, and took his seat upon the bench on the fourth day of the same month.

---

### COMMONWEALTH vs. JOHN TAYLOR.

Under the provisions of Gen. Sts. c. 172, § 19, the omission from a complaint of the name of the place of the defendant's residence is immaterial, if the court has jurisdiction of the offence charged irrespective of the place of residence.

The St. of 1872, *c.* 201, establishing the Second District Court of Southern Worcester, makes no provision for a trial by jury in criminal cases.

Mere clerical omissions in the records of courts, even in criminal prosecutions, can be supplied by amendment.

The terms of a District Court were by law to be held at A. on Mondays, Wednesdays and Fridays, and at B. on Tuesdays, Thursdays and Saturdays. Its record of the proceedings in a criminal complaint, and the copy thereof transmitted to the Superior Court upon appeal, set forth the proceedings of the court upon certain days, without specifying the place where the court was then held. Upon a motion to dismiss the complaint in the Superior Court, the justice of the District Court was allowed to amend the record and the copy by inserting the place at which the court was held. *Held*, that the amendments were properly made.

COMPLAINT to the Second District Court of Southern Worcester alleging that " John Taylor, on the tenth day of August, in the year eighteen hundred and seventy-two, at Uxbridge, in said county, without any authority therefor, did keep intoxicating liquor, with intent to sell the same in said Commonwealth." The warrant commanded the officer " to arrest John Taylor, if he may be found in your precinct, and him bring before the Second District Court of Southern Worcester, in said county, to answer to the complaint of Samuel J. Fletcher, made under oath against the said defendant, for that said John Taylor, on the tenth day of August, in the year eighteen hundred and seventy-two, at Uxbridge, in said county, without any authority therefor, did keep intoxicating liquor, with intent to sell the same in said Commonwealth, and be further dealt with relative thereto as the law directs."

In the District Court the defendant moved that the complaint be dismissed, because no place of residence of the defendant was given either in the complaint or warrant. This motion was over-ruled. He then demanded in writing a trial by jury. This demand was disallowed. The defendant having been found guilty, appealed to the Superior Court.

The material part of the copy of the record transmitted from the District Court to the Superior Court was as follows :

" By virtue of a warrant issued on this complaint, the defendant is before the Second District Court of Southern Worcester, in the county of Worcester, on the thirteenth day of August, A. D. 1872, and said complaint is read to him, and he says that thereof he is not guilty. Whereupon the further hearing in this

case is continued to the seventeenth day of August, A. D. 1872; but after hearing all matters and things concerning the same, it is adjudged by the said District Court that said defendant is guilty.

In the Superior Court, before the empanelling of the jury, the defendant moved the court to dismiss the complaint: 1. Because no place of residence of the defendant was alleged in the complaint; 2. Because there had been no legal trial in the court below, a trial by jury having been demanded and illegally refused; 3. Because it did not appear that the trial of the case in the court below took place at a term thereof and at a place of holding its sessions appointed by law therefor.

After the filing of this motion, the copy of the record of the District Court, at the suggestion of the justice thereof, was amended to conform to the amended record of that court, so as to read as follows: " By virtue of a warrant issued on this complaint, the defendant is before the Second District Court of Southern Worcester, in the county of Worcester, at Uxbridge, in said county, on Tuesday the thirteenth day of August, A. D. 1872, and said complaint is read to him, and he says that thereof he is not guilty. Whereupon the further hearing in this case is continued to Saturday the seventeenth day of August, A. D. 1872, at said Uxbridge; but after hearing all matters and things concerning the same, it is adjudged by the said District Court that said defendant is guilty." *

The court overruled the defendant's motion to dismiss, and at the trial before *Wilkinson,* J., the jury returned a verdict of guilty, and the defendant alleged exceptions.

*J. H. Stockwell,* (*H. B. Staples* with him,) for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth, was not called upon.

---

* The Second District Court of Southern Worcester was established by St. 1872, *c.* 201. Section 4 of that statute provides " Said court for criminal business shall be held in some suitable place, to be furnished by the county of Worcester, except on legal holidays, in Blackstone on Monday, Wednesday and Friday, and in Uxbridge on Tuesday, Thursday and Saturday in each week."

GRAY, C. J.   1. As the offence charged was within the juris-
diction of the District Court, the want of an allegation of the de-
fendant's residence was immaterial.   Gen. Sts. c. 172, § 19.

2. The statute establishing the District Court makes no pro-
vision for a trial by jury in that court, except in civil actions.   In
all criminal cases brought before it, the proceedings are like those
in police courts, and a trial by jury can only be had in the Supe-
rior Court on appeal.   St. 1872, c. 201, §§ 1, 6.

3. The remaining ground of the motion to dismiss was removed
by the amendment of the original record of the District Court,
and the corresponding amendment of the copy thereof.   Such
amendments, supplying merely clerical omissions in the record,
may lawfully be made, even in criminal cases.   *State* v. *Maher*,
35 Maine, 225.   *State* v. *Craton*, 6 Ired. 164.   *Welch* v. *Damon*,
11 Gray, 383.   *Commonwealth* v. *Phillips*, 11 Pick. 28.

*Exceptions overruled.*