### COMMONWEALTH vs. JOHN F. COSTELLO.

Suffolk.   Nov. 27. — Dec. 6, 1875.   COLT, J., absent.

On the trial of an indictment, charging the defendant in the first count with the for gery of a bond to dissolve an attachment, and in the second count with knowingly uttering the forged bond, the government proceeded upon the ground that the defendant fraudulently presented to a master in chancery a bond to dissolve an attachment purporting to be signed by S. and J. as sureties; that at the same time he produced before the master two accomplices, who falsely represented themselves to be S. and J., and testified to their sufficiency as sureties; and that the names of S. and J. were fictitious names signed or procured to be signed by the defendant. The government also offered evidence that no such persons as S. and J. could be found.   The defendant offered to show, in explanation of the absence of S. and J. as witnesses in his behalf, that the prosecuting officer had openly threatened to prosecute them for perjury, and that they thereupon fled the Commonwealth and had not returned, and that he had made efforts to procure their attendance as witnesses.   *Held*, that the exclusion of this evidence gave the defendant good ground of exception.

MORTON, J.   We are of opinion that one of the exceptions alleged by the defendant must be sustained.   As this makes a new trial necessary, we have not considered the other questions raised, because if they arise upon another trial they may be presented in a different aspect.

The indictment contains two counts: the first for forging a bond to dissolve an attachment, and the second for knowingly uttering the forged bond.   The government proceeded upon the ground that the defendant fraudulently presented to a master in chancery a bond to dissolve an attachment, purporting to be signed by William P. Schell and Isaac Judson, as sureties; that he at the same time produced before the master two accomplices, who falsely represented themselves to be Schell and Judson, and testified as to their sufficiency as sureties; and that the names of Schell and Judson were fictitious names signed or procured to be signed by the defendant.   The government also offered evidence tending to show that no such persons as Schell and Judson could be found.

The defendant, in explanation of the absence of Schell and Judson as witnesses in his behalf, offered to show that the prosecuting officer had openly threatened to prosecute them for perjury, and that they thereupon fled from the Commonwealth and

had not returned, and that he had made efforts to procure their attendance as witnesses, but the court excluded the testimony. We are of opinion that this testimony should have been admitted.

The defendant's connection with the persons who represented themselves to be Schell and Judson was such that his failure to produce them as witnesses would give rise to very strong inferences against him in the minds of the jury. They had been his sureties ; the fair inference was that he knew who they were and where they could be found, and an unexplained failure to produce them could not but be prejudicial to him. It was therefore important and competent for him to show that he had used efforts to procure their attendance as witnesses, and the reasons why he could not do so. The fact that he had not taken out a commission to take their depositions did not make the offered testimony incompetent. It might affect the weight of his explanation in the minds of the jury, but did not destroy its competency.

*Exceptions sustained.*

*A. A. Ranney & J. L. Eldridge*, for the defendant.

*W. C. Loring*, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.