## COMMONWEALTH *vs.* MICHAEL QUIRK.

Middlesex.    November 24, 1891. — January 6, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Criminal Appeal — Amendment of Record — Removal of Default — Direction of Plea of Not Guilty.*

In an appealed criminal case, if there is an error in the copy of the record of the proceedings in the court below, an amended copy may be filed at any time before the case is submitted to the jury.

It is within the discretion of the Superior Court to refuse to take off a default in a criminal case pending in that court on appeal, and to the exercise of such discretion no exception lies.

If a defendant in a criminal case refuses to plead, the court may direct a plea of not guilty to be entered, under the Pub. Sts. c. 213, § 37.

COMPLAINT for keeping a common nuisance, to wit, a tenement used for the illegal sale and illegal keeping for sale of intoxicating liquors.    Trial in the Superior Court, on appeal, before *Blodgett*, J., who, after a verdict of guilty, allowed exceptions, which appear in the opinion.

*J. F. Cronan*, for the defendant.

*C. N. Harris*, Second Assistant Attorney General, for the Commonwealth, was not called upon.

LATHROP, J.    The defendant, having been convicted by a trial justice of the offence of keeping and maintaining a tenement used for the illegal sale and illegal keeping for sale of intoxicating liquors, appealed to the Superior Court, and gave a recognizance to prosecute his appeal.    The appeal was entered, and, under the Pub. Sts. c. 155, § 60, a copy of "the conviction and other proceedings in the case" was made by the trial justice, and transmitted to the Superior Court.    The copy was defective in that the jurat of the complaint omitted the name of the trial justice.    The defendant did not appear, and was defaulted.

At the next term, the defendant was arrested on a capias and brought before the court, and thereupon recognized for his appearance.    At the same term the defendant made a motion to take off the default, which motion was overruled.    He then filed

a motion in arrest of judgment, on the ground that the Superior Court had no jurisdiction of the case on account of the omission in the record above stated. On the same day the district attorney suggested an error in said copy, and moved to file an amended record. This motion was granted, the record was filed, and the motion in arrest of judgment was overruled. The amended record corrected the omission above set forth. The defendant thereupon filed another motion in arrest of judgment, on the ground that no copy was filed at the term to which the case was appealed which showed that the court had jurisdiction, because it did not appear therein that the complainant was examined on oath, and that, if the court ever had jurisdiction of the case, it ceased to have jurisdiction thereof at the end of the term to which it was appealed. This motion was overruled. The case was called for trial, the default was struck off against the defendant's objections, the defendant refused to plead, and a plea of not guilty was directed by the court to be entered; the defendant was then tried and found guilty, and the case comes before us on his exceptions.

The first objection made to the jurisdiction of the Superior Court was by a motion in arrest of judgment, after the defendant, who had been brought before the court by a capias, had moved that the default entered in the case be taken off. As the record then stood, we may assume that the court had no jurisdiction to try the defendant; but before passing upon the motion, the court, in accordance with a long established and valid practice, allowed an amended record to be filed. The effect of this was, as the amended record showed jurisdiction, not only to establish the jurisdiction from the time the amendment was made, but to show that there was jurisdiction from the beginning, and to establish the validity of everything properly done under the jurisdiction as it then appeared. *Commonwealth* v. *Carney*, 153 Mass. 444, and cases cited. These considerations also dispose of the second motion in arrest of judgment.

It was within the discretion of the presiding justice to strike off the default.

As the defendant refused to plead, a plea of not guilty was properly directed to be entered. Pub. Sts. c. 213, § 37.

*Exceptions overruled.*