COMMONWEALTH *vs.* BRIDGET HURLEY.

Middlesex.          January 30, 1893. — February 28, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Intoxicating Liquors — Illegal Keeping for Sale — Motion for Continuance — Evidence.*

Where there are two shires of a county, in each of which the Superior Court sits alternately, no exception lies to the refusal of the presiding judge to continue the trial of a criminal case from one place to the other, at a sitting held three months later, on the ground that the defendant is a resident of the latter place, to the police court of which the complaint in the case is addressed.

---

* See *Lascelles* v. *Georgia*, 13 U. S. Sup. Ct. Rep. 687.

At the trial of a complaint for the illegal keeping for sale of intoxicating liquors, evidence that the defendant, a woman, upon her arrival at the police station after her arrest, took from her garments and threw away a lager beer bottle containing whiskey, is competent.

At a trial of a complaint for the illegal keeping for sale of intoxicating liquors, the government introduced evidence, without objection, that drunken men were seen going into and coming from the defendant's premises at other times than that specified in the complaint; and the defendant introduced evidence that intoxicated persons came frequently upon his premises, which were unfenced from the public street upon which they opened. The judge submitted the whole evidence to the jury, with instructions that they might consider any of the evidence as to acts which occurred within thirty days prior to the date of the complaint tending to establish the charge therein. *Held*, that the defendant had no ground of exception.

At the trial of a complaint for the illegal keeping for sale of intoxicating liquors, there was evidence that the defendant, who was a woman and kept a grocery, upon her arrival at the police station after her arrest, took from her garments and threw away a lager beer bottle containing whiskey; that police officers found on her premises that day three bottles, in one of which there was half a teaspoonful of whiskey; that intoxicated persons were seen going into and coming from her premises at other times than that specified in the complaint; and there was other evidence not reported tending to establish the charge in the complaint. The judge declined to rule, as requested by the defendant, that there was not sufficient evidence to sustain the charge in the complaint, and that the defendant was entitled to an acquittal. *Held*, that the defendant had no ground of exception.

A police officer may testify, on the trial of a criminal case, to material facts within his knowledge, although he was acting unlawfully when the facts came to his knowledge.

COMPLAINT to the Police Court of Lowell, for unlawfully exposing and keeping for sale intoxicating liquors with intent unlawfully to sell the same in this Commonwealth, on February 7, 1892, at Lowell. Trial in the Superior Court, before *Fessenden*, J., who allowed a bill of exceptions, in substance as follows.

The case was tried at the June sitting, 1892, of the court in East Cambridge; and on July 2, 1892, the defendant filed a motion that, as the complaint was made to the Police Court of Lowell, which city was one of the shires of the county, and as the defendant resided in that city, the trial of the case be continued to the sitting of the court for criminal business at Lowell in October, 1892. This motion was overruled; and the defendant excepted.

There was evidence given by police officers of Lowell tending to show the following facts. The defendant was the proprietor of a grocery on Coburn Street, in Lowell, and was also at that place a retail dealer in coal and wood. The premises

consisted of a two-story house; and the defendant occupied five rooms thereof on the lower floor, two of which were used by her for the prosecution of her business. On Sunday morning, February 7, 1892, three of said officers visited the premises, and found the defendant engaged in selling groceries. The officers arrested her for the illegal selling of the groceries, watched all her movements in the house, and thereupon took her to the police station in a wagon. Immediately after the defendant alighted from the wagon near the police station, she took from her garments and threw away a lager beer bottle said to contain whiskey, which the defendant denied. The officers found on the premises of the defendant on that day three bottles, in one of which there was half a teaspoonful of whiskey. The defendant asked the judge to rule that the evidence of throwing away the bottle at the police station (the same being at least one half of a mile from the defendant's premises) should be rejected and disregarded by the jury; but the judge declined so to rule, and instructed the jury that the evidence was competent and admissible, and might be considered by them in determining their verdict; and the defendant excepted. There was evidence offered by the government tending to show that in the month of January, 1892, on four of the Sundays in the month one or two men were arrested on each day by one of the officers for drunkenness; and that the defendant's premises opened upon a public street known as Coburn Street. There was further evidence tending to show that in the immediate neighborhood of the premises there were two public bar-rooms in full operation; and that the drunken men might, and probably did, obtain their liquor in one or both of the bar-rooms. There was also evidence tending to show that, at some time prior to said February 7, 1892, two men were seen coming from the defendant's premises in a partially intoxicated condition, but not sufficiently intoxicated to justify the officer in making an arrest for drunkenness; and that at other times intoxicated people were seen going into and coming out of the defendant's premises. The defendant testified, and also a witness for the defendant, that persons in an intoxicated condition came frequently upon a portion of her premises, the same being wholly unfenced from the public street, and that the defendant had

requested at various times some of the police officers to remove the intoxicated persons from her premises. The judge ruled that the jury might consider any of the above evidence, or any other evidence tending to establish the charge in the complaint, as to acts which occurred within thirty days prior to February 7, 1892; and the defendant excepted. There was other evidence tending to establish the charge in the complaint.

At the close of the evidence, the defendant asked the judge to rule that there was not sufficient evidence to sustain the charge in the complaint, and that the defendant was entitled to a verdict of acquittal. The judge declined so to rule, and submitted the case to the jury; and the defendant excepted.

The government offered evidence that two of the officers who visited the defendant's premises on February 7, 1892, were known as inspectors, or as "seizure officers"; and that they acted in that capacity on that day, having with them a warrant to search the premises for the purpose of endeavoring to find thereon intoxicating liquors exposed and kept for sale in violation of law. The defendant requested the judge to reject the evidence, and to instruct the jury to disregard the same; and to rule that the inspectors had no lawful right to visit the premises on February 7, 1892, the same being the Lord's day. The judge declined so to rule; and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. F. Manning*, for the defendant.

*C. N. Harris*, Second Assistant Attorney General, for the Commonwealth.

ALLEN, J. 1. No legal or constitutional right of the defendant was violated by the refusal of the presiding justice to postpone the trial until the court should be held three months afterwards in Lowell. *Commonwealth* v. *Donovan*, 99 Mass. 425. *Commonwealth* v. *Drake*, 124 Mass. 21.

2. The testimony that the defendant took from her garments and threw away a lager beer bottle containing whiskey was competent for the jury to consider. The words "said to contain whiskey" we interpret to mean that some witness testified that the bottle contained whiskey.

3. Certain evidence was admitted, without objection, that drunken men were near the defendant's premises at other times

than that specified in the complaint; and the defendant introduced evidence tending to explain the same in a way consistent with her innocence. The whole was submitted to the jury, with instructions that they might consider any of the testimony as to acts which occurred within thirty days prior to the date of the alleged offence, which tended to establish the charge in the complaint. This instruction was right. *Commonwealth* v. *Finnerty*, 148 Mass. 162.

4. The evidence was no doubt sufficient to warrant a conviction. If the evidence reported were questionable, there was other evidence not reported.

5. The inspectors might testify to material facts within their knowledge, even though they were acting unlawfully, (which we do not intimate was the fact,) when the facts came to their knowledge. *Commonwealth* v. *Tibbetts*, 157 Mass. 519.

*Exceptions overruled.*