## COMMONWEALTH *vs.* AGNES A. VINCENT.

Essex.    November 6, 1895. — November 29, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Intoxicating Liquors — Amendment of Copy of Record — Evidence — Discretion of Justice.*

In an appealed criminal case, if there is an error in the copy of the record of the proceedings in the court below, an amended copy may be filed at any time before the case is submitted to the jury.

The offence charged of unlawfully keeping intoxicating liquor with intent unlawfully to sell the same in this Commonwealth on a certain day, is in its nature a continuing offence, and evidence is therefore admissible tending to show that the same condition of things existed both before and after the day named, for the purpose of showing the intent with which the liquors were kept on the day set forth in the complaint. Such evidence must be confined within reasonable limits, within the discretion of the judge presiding at the trial.

COMPLAINT, for unlawfully keeping intoxicating liquor with intent unlawfully to sell the same, at Lynn, on December 8, 1894. At the trial in the Superior Court, before *Braley*, J., the jury returned a verdict of guilty, and the defendant alleged exceptions, in substance as follows.

After the empanelling of the jury, while the clerk was reading the alleged copy of the complaint, it was found that by a clerical omission of certain words no offence was charged therein, whereupon the Assistant District Attorney orally moved to have the record amended, which motion was allowed, and the trial was suspended to permit the record to be amended to a true copy of the complaint, on which the defendant pleaded, and upon which she was tried in the lower court, and the record was so amended. There was no motion or suggestion of a diminution of the record filed. The defendant objected, and excepted to the allowance of the motion, upon the ground that, a jury having been empanelled, no amendment could be allowed. After the amendment, the complaint was read to the jury, and the defendant excepted to the allowance by the court of the amendment, on the ground above stated. No further plea was entered by the defendant.

It was in evidence that the defendant, with her boy and one boarder, occupied a tenement of four rooms in the second story of a house on Etna Place, and that there were no other tenants in the house; that there were ten or more tenements in other buildings similar to hers in Etna Place; that after a careful search it was discovered that a section of the wall of one of the rooms, about a foot square, above the picture mouldings, could be removed, revealing a box-like receptacle; and that the entire top of a closet could be removed, admitting to an attic, to which there was no other entrance, and in this attic was found a large quantity of hard and malt liquors. There was evidence, not objected to, tending to show the frequenting of the premises by persons not occupants of the house, and as to their condition, and of the delivery of boxes supposed to contain bottles from a team standing in front of the house, and of a large barrel, within eight weeks previous to the date alleged in the complaint; but no bottles were seen by any witness in the boxes or barrels. One Clark, called as a witness by the prosecuting attorney, was asked what he had seen in and about the tenement within eight weeks of said December 8th, and he replied that he had within that time seen men come out of the tenement, one or more of whom were intoxicated, but on cross-examination said that he could not state any month or time, or that it was in the time named. To this question and answer the defendant objected, and excepted, on the ground that the time was too remote on the question of intent.

*A. V. Lynde*, for the defendant.

*W. H. Moody*, District Attorney, for the Commonwealth.

LATHROP, J. 1. The amendment of the copy of the record of the complaint was properly allowed. *Commonwealth* v. *Phillips*, 11 Pick. 28, 30. *Commonwealth* v. *Kelly*, 12 Gray, 123. *Commonwealth* v. *Magoun*, 14 Gray, 398. *Commonwealth* v. *Wiggin*, 111 Mass. 428. *Commonwealth* v. *Taylor*, 113 Mass. 1. *Commonwealth* v. *Galligan*, 113 Mass. 203. *Commonwealth* v. *Sullivan*, 138 Mass. 191. *Commonwealth* v. *Le Clair*, 147 Mass. 539. *Commonwealth* v. *Carney*, 153 Mass. 444. *Commonwealth* v. *Quirk*, 155 Mass. 296.

2. The offence charged, namely, of unlawfully keeping intoxicating liquor with intent unlawfully to sell the same in this

Commonwealth, on a certain day, is in its nature a continuing offence, and evidence is therefore admissible tending to show that the same condition of things existed both before and after the day named, for the purpose of showing the intent with which the liquors were kept on the day set forth in the complaint. Such evidence must be confined within reasonable limits. But this is largely a matter for the discretion of the judge presiding at the trial. We cannot say that in this case this discretion was wrongly exercised. *Commonwealth* v. *Kelley*, 116 Mass. 341. *Commonwealth* v. *Finnerty*, 148 Mass. 162. *Commonwealth* v. *Hurley*, 158 Mass. 159. *Commonwealth* v. *Brothers*, 158 Mass. 200. *Commonwealth* v. *Neylon*, 159 Mass. 541. *Commonwealth* v. *Kyne*, 162 Mass. 146.                *Exceptions overruled.*

