THOMAS CALLAHAN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. March 14, 1913. — June 2, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & DE COURCY, JJ.

*Negligence,* Street railway, Compliance with municipal ordinances and regulations as proof of due care. *Evidence,* Competency, To explain absence of witness. *Witness,* Absent witness. *Practice, Civil,* Exceptions.

In an action against a street railway company by a passenger, where the plaintiff's evidence tends to show that, as he was in the act of alighting from a car of the defendant which was "slowing up" preparatory to coming to a stop at the farther crosswalk at an intersecting street, the car suddenly moved forward and he was thrown to the ground near the nearer crosswalk, the defendant, to show a reason for the car "slowing up" and for its not stopping in front of the intersecting street, may introduce in evidence a municipal ordinance and a regulation which required the car to be so operated.

At the trial of an action against a street railway company for personal injuries re-

ceived by a passenger, a claim investigator employed by the defendant, who had stated in cross-examination that several persons, whose names were on a report of the accident made by the conductor of the car upon which the plaintiff was a passenger, had not been summoned as witnesses by the defendant, may be asked in redirect examination his reason for not summoning them and may state that they wrote to him stating that they knew nothing about the accident.

The burden is upon a party excepting to an erroneous ruling of a trial judge to make it manifest in his bill of exceptions that he was prejudiced by the error; and if the bill does not make it manifest that the error was to his prejudice, his exception will be overruled.

A trial judge erroneously omitted from his charge to the jury any instructions covering the plaintiff's contention. At the close of the charge, a colloquy took place at the bench, during which the judge made a statement which, if heard by the jury, would have cured his error. A bill of exceptions filed by the plaintiff stated that the judge's later statement was made "in the presence but not in the hearing of the jury." The bill afterwards was amended to state merely that the statement was made in a colloquy at the bench. The statement was taken down by a stenographer and bore the character of a statement to the jury. *Held*, that presumably the statement was heard by the jury, and, the bill not making manifest that it was not so heard, the plaintiff did not show that he was harmed by the error and the exception must be overruled.

TORT for personal injuries alleged to have been received on November 23, 1903, at about ten o'clock in the evening, and to have been caused by the plaintiff being thrown to the ground by the sudden moving forward of a street car of the defendant as he was in the act of alighting therefrom at Lauriat Avenue in that part of Boston called Dorchester. Writ dated July 20, 1907.

In the Superior Court the case was tried before *Bond*, J.

The facts which the plaintiff's evidence tended to prove are stated in the opinion. The plaintiff contended that he was thrown from the car by its suddenly starting ahead after it had slackened its speed and had nearly come to a stop. The plaintiff had testified at a former trial that the car had slowed up, and that he was thrown off on the in-town side of Lauriat Avenue. A witness for the defendant testified that the car had slowed up on the in-town side of Lauriat Avenue. The defendant, to show a reason for this slowing up of the car on the in-town side of Lauriat Avenue when the stop was on the out-of-town side, was allowed, subject to exceptions by the plaintiff, to introduce in evidence the following ordinance and regulation which required the speed of cars to be reduced when approaching an intersecting street and forbade the stopping of cars in front of such a street, and which the judge admitted in evidence after the plaintiff

had refused to refrain from arguing that there was no reason for such slowing up of the speed of the car:

Revised Ordinances of the City of Boston of 1898, c. 6, § 24: "No person having the control of the speed of a street railway-car shall stop any such car on a cross-walk or in front of an intersecting street, except to avoid collisions or danger to persons, or as directed by a police officer."

Regulations of the Aldermen of Boston, 1903, c. 1, as revised and approved by the Railroad Commissioners, September 9, 1903: ". . . In approaching any public or private way intersecting that in which the railway is located the speed of the car must be reduced to such a rate as will make it possible to stop it immediately."

The witness Carney, referred to in the opinion, was a claim investigator and assistant to the trial attorney of the defendant. He had testified in cross-examination that he had not caused a number of persons, whose names appeared upon a report by the conductor of the car, to be summoned. On redirect examination, he testified, subject to exceptions by the plaintiff, that he had not summoned such persons because he had received from them communications in writing stating that they did not know anything about the accident.

Other material facts are stated in the opinion.

There was a verdict for the defendant; and the plaintiff filed a bill of exceptions. That bill stated that the statement by the judge in the colloquy at the bench at the close of the charge, referred to in the opinion, was "in the presence but not in the hearing of the jury." After the death of *Bond*, J., an amendment to the bill was allowed by *Wait*, J., striking out the above words and substituting the words, "at the judge's bench," and a substitute bill embodying that amendment afterwards was allowed by him.

The case was argued at the bar in March, 1913, before *Rugg, C. J., Hammond, Loring, Sheldon, & De Courcy,* JJ., and afterwards was submitted on briefs to all the justices.

*J. L. Keogh,* for the plaintiff.

*F. M. Ives,* for the defendant.

SHELDON, J.    1. The ordinances and regulations were properly admitted. They tended to show that the act of the defendant's servants which was complained of was required by competent

authority, and so was not in itself negligent. *Maisels* v. *Dry Dock, East Broadway & Battery Street Railroad,* 16 App. Div. (N. Y.) 391. *Stiasny* v. *Metropolitan Street Railway,* 58 App. Div. (N. Y.) 172, affirmed in 172 N. Y. 656. This is the converse of the rule declared in *Stevens* v. *Boston Elevated Railway,* 184 Mass. 476, and *Horsman* v. *Brockton & Plymouth Street Railway,* 205 Mass. 519.

2. The witness Carney was allowed to testify that the reason he had not caused certain persons whose names had been taken by the defendant's conductor to be summoned as witnesses was that he had learned that they said they knew nothing about the occurrence. This was correct. The testimony did not tend to show, and was not admitted to show, that those persons in fact had no such knowledge. It tended to show the reason why Carney had not procured their attendance; and the jury could find that it was a good one. If so, it answered the claim which otherwise might have been made that the evidence was suppressed because it would have been unfavorable to the defendant. For this purpose it was competent to show Carney's belief and the reasons therefor. *Commonwealth* v. *Goldberg,* 212 Mass. 88, 91. *Rumrill* v. *Ash,* 169 Mass. 341, 347. *Commonwealth* v. *Costello,* 119 Mass. 214.

3. The plaintiff had reason to complain of the judge's charge as not covering the issues raised by the plaintiff's contention. That contention was that after the conductor's failure to cause the car to be stopped in accordance with the plaintiff's request, he went to the rear platform and complained to the conductor; that the conductor then gave the signal to stop the car at the next stopping place; that the plaintiff in preparation for alighting put his foot upon the step, having with his hand a tight hold on the guard or hand rail, ready to alight as soon as the car should have stopped; that the car slowed up and either stopped or came nearly to a full stop, at the regular stopping place; but that then the conductor gave the signal to start the car, it started with a sudden jerk, and threw the plaintiff off. This contention might seem improbable; but it was supported by the plaintiff's testimony, and he had a right to have the jury pass upon it. Upon the omission to charge the jury with reference thereto, he had a right to call the judge's attention to the matter and to save any exception that

he might desire.    Thereupon a colloquy took place at the judge's bench; and the judge said, "If that car came to a stop at the post on the other side of the street, where the car was expected to stop, intended to stop to let off passengers, and, before the plaintiff had time to get off, the car was suddenly started up and he was thrown, the defendant would be liable."

If this was said to the jury, or even merely in their hearing but so that they understood it to be the rule which they must follow if they found the facts to be as the plaintiff contended, any previous defect in the charge was cured, the plaintiff had his full rights, and he has now no ground of exception. If it was not given to the jury for their guidance, the plaintiff's exceptions must be sustained.

The burden is always upon the excepting party to make it manifest that he has been aggrieved. Whatever is necessary to show this must be averred. *Richards* v. *Smith,* 9 Gray, 315. As the plaintiff was not aggrieved if this language of the judge was addressed to the jury, it was for him to show that this was not so. His bill of exceptions says that it was at the close of the charge, presumably in the presence and hearing of the jury. It seems to have been taken down by the stenographer, which would tend to indicate that it was not a conversation apart, but part of the public proceedings of the trial. That it was said in a colloquy at the judge's bench does not indicate that it was not addressed to the jury. If it were not so addressed, that would naturally have been stated in the exceptions. It is of some significance that a statement that it was not in the hearing of the jury was at first made in the exceptions, and has since been stricken out by amendment, and the matter left wholly undetermined. Moreover, the language of the judge is such as he naturally would have addressed to the jury rather than merely to counsel upon the matter being brought to his attention.

On the whole, it does not appear that as the case finally was left to the jury, the plaintiff has any right of exception to the charge.

*Exceptions overruled.*