## COMMONWEALTH *vs.* JOHN KLOSOWSKI.

## SAME *vs.* SAME.

Essex.     February 24, 1925. — April 17, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Evidence*, Admissions.

At the trial together of two complaints, one charging the defendant with keeping and exposing intoxicating liquors with intent unlawfully to sell the same on an April 8, and the other with maintaining between March 23 and April 18 a common nuisance, namely, a tenement for the illegal keeping and sale of intoxicating liquors, there was evidence tending to show that intoxicating liquors were found concealed on premises owned by the defendant; that the defendant then was called into an adjoining store, and that a man there was asked by a police officer if he ran the place. The question was asked in an ordinary voice when the officer was twenty or twenty-five feet distant from the defendant. The officer was permitted to testify that the man answered "no," that he was employed by the defendant; and further to state that the defendant remained silent. There was further evidence, admitted without objection, that the defendant stated to another police officer that he employed the man in question. The bill of exceptions did not set out the charge of the judge to the jury. *Held*, that

(1) It was for the jury to say whether the defendant heard the statement, and, if so, by his silence admitted its truth;

(2) On the record it must be assumed that proper instructions in regard to such testimony were given to the jury.

At the same trial it appeared that liquor was found on April 8, under a board in the floor in the rear of a counter in the defendant's store and that it was wrapped in newspapers bearing the date April 5. The defendant testified that the liquor "must have been there since the last raid, which raid was on March 6." Subject to exceptions by the defendant, the judge admitted evidence that certain liquors were seized on March 6 in another part of the same building in which the liquors were found on April 8, and that the defendant at the time of the earlier seizure stated that the liquors then seized were his, naming their purchase and selling prices. The testimony was limited by the judge in his instructions to the jury to the issue, on the complaint of keeping intoxicating liquors with intent to sell on April 8, whether it was the defendant's intention to sell the liquors seized on that date. The fact, that the defendant was convicted of keeping with intent to sell the liquors seized on March 6, was called to the attention of the judge by the defendant, but no evidence of such conviction was introduced. *Held*, that the evidence was admissible, the fact that the defendant had

been convicted of the previous offence not making incompetent his statement, in the nature of an admission, that his purpose in keeping those liquors was to sell them.

Two COMPLAINTS, received and sworn to in the First District Court of Essex on April 18, 1924, the first charging that the defendant on April 8, 1924, "did expose and keep for sale intoxicating liquors with intent unlawfully to sell the same," and the second charging that the defendant on March 23, 1924, "and on divers other days and times between that day and the day of making this complaint at Salem in said County knowingly, wilfully and without having any legal appointment or authority therefor, did keep and maintain a certain common nuisance to wit: a tenement then and on said dates and times there by him used for the illegal keeping for sale and the illegal sale of intoxicating liquor to the said injury and common nuisance of all peaceable citizens of said Commonwealth there residing, inhabiting and passing."

On appeal to the Superior Court, the complaints were tried before *Hayes*, J., a judge of a district court sitting in the Superior Court in accordance with the provisions of Sts. 1923, c. 469; 1924, c. 485. Material evidence and exceptions by the defendant are described in the opinion. There was a verdict of guilty on both complaints. The defendant alleged exceptions.

The cases were submitted on briefs.

*M. J. Reardon,* for the defendant.

*W. G. Clark,* District Attorney, *& F. E. Raymond,* Assistant District Attorney, for the Commonwealth.

SANDERSON, J. The defendant was convicted on two complaints tried at the same time: one, charging him with exposing and keeping intoxicating liquors with intent unlawfully to sell the same on April 8, 1924; the other, with maintaining a tenement for the illegal keeping and sale of intoxicating liquors, between March 23, and April 18, 1924.

Intoxicating liquors were seized April 8, 1924, in a store in a building owned by the defendant, where for two or three weeks alterations had been in progress. He told a police officer that he was opening a hardware store and stocking it up; that he was spending $3,000 on it. The trial judge,

subject to the defendant's exception, permitted a police officer to testify that he asked one Wilinski, in the presence of the defendant while all three were in a store adjoining the one where the liquors were seized, and in the same building, whether he, Wilinski, ran that store. Wilinski said "no," that he was employed by the defendant. The defendant made no reply. These words were spoken in an ordinary tone of voice and the defendant was at the time twenty to twenty-five feet away from the persons speaking. It was for the jury to say whether the defendant heard the statement, and, if so, by his silence admitted its truth. *Commonwealth* v. *Galavan,* 9 Allen, 271. *Commonwealth* v. *Brailey,* 134 Mass. 527, 530. The charge is not reported, and it must be assumed that proper instructions in regard to such testimony were given. A police officer also testified, without objection, that the defendant told him he employed Wilinski and paid him $15 a week.

The defendant, when asked about a part of the liquors seized on April 8, which were found under a board in the floor in the rear of the counter of the defendant's store, and were wrapped in newspapers bearing the date April 5, 1924, said, "they must have been there since the last raid, which raid was on March 6." The judge then admitted evidence, subject to the defendant's exception, that certain liquors were seized on March 6, 1924, in another part of the same building in which the liquors were found on April 8, 1924, and that the defendant at the time of the earlier seizure stated that the liquors then seized were his, naming their purchase and selling prices. The defendant having admitted that the liquors which he had on hand on March 6 were kept for sale, the jury could infer that his intention was to sell the liquors seized on April 8, and the testimony was limited by the rulings of the judge to that issue on the complaint for keeping with intent to sell. *Commonwealth* v. *Vincent,* 165 Mass. 18. *Commonwealth* v. *Stoehr,* 109 Mass. 365. The fact that the defendant was convicted of keeping with intent to sell the liquors seized on March 6, 1924, was called to the attention of the judge by the defendant, but no evidence of such conviction was introduced. This fact did not make incompetent his state-

ment, in the nature of an admission, that his purpose in keeping those liquors was to sell them.

The other exceptions saved have not been argued and are treated as waived.

*Exceptions overruled.*