COMMONWEALTH *vs.* ENSANG W. CHENG & another.

Middlesex.     November 3, 1941. — November 24, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Evidence,* Competency; Relevancy and materiality; Admissions; Opinion: expert; Hypothetical question. *Practice, Criminal,* Discretionary control of evidence. *Abortion. Conspiracy.*

At the trial of an indictment for conspiracy unlawfully to use instruments upon a woman to procure a miscarriage, certain evidence, limited to being considered as against one of the defendants only, was admissible to show that upon learning that the woman was pregnant he was anxious to have her given treatment by the other defendant, a doctor, which would cause a miscarriage, and made arrangements for such treatment.

At such trial, it was within the judge's discretion to admit testimony by the woman's mother as to the number and ages of her children.

At such trial, testimony by the mother that she knew that a lump which she had felt at her daughter's waist during the period of her treatment was a rubber tube fastened there was admissible where the mother some days before had observed such a tube so fastened following conversation with the defendant doctor as to its use and purpose in procuring an abortion.

At such trial, evidence of statements made by the defendant doctor's wife in the presence of both defendants and unanswered by them was admissible where the circumstances were such as would naturally call for a reply from them unless they intended to admit the truth of the statements.

At such trial, a hypothetical question asked of an expert as to the medical name, purpose and method of use of a certain rubber bag could be found to be based on the testimony in the case and was admissible in the judge's discretion.

At such trial, evidence that the woman had disappeared was admissible to rebut a possible argument based on failure to call her as a witness.

At such trial, an instruction that the jury could not consider the woman's absence could not properly have been given in view of the course of the trial.

Pregnancy of a woman is not an essential to conviction of conspiracy unlawfully to use instruments upon her to procure a miscarriage.

INDICTMENT, found and returned on November 7, 1939, and tried before *Williams,* J.

*W. H. Lewis,* for the defendants.

*R. F. Bradford,* District Attorney, for the Commonwealth.

RONAN, J.   The defendants Cheng, a physician, and McCue, a florist, were indicted, tried and convicted of conspiracy, commencing on August 25, 1939, and terminating on the date of the indictment, to use unlawfully certain instruments upon one Catherine Dulong for the purpose of procuring an abortion.   The case is here on exceptions taken to rulings upon evidence and to the denial of certain requests for instructions to the jury.

The defendants excepted to the testimony of one De Lorenzo that she and Dulong met McCue in June or July, 1939, and that she heard Dulong tell McCue that she was in a family way.   This witness also testified that McCue mentioned certain drugs and said that he would in a few days give Dulong money in order that Dulong could purchase some medicine; that the three of them again met in a few days, when McCue, after inquiring of Dulong concerning her condition, gave her some money; that about a week later McCue suggested that he would take Dulong to a doctor in Boston; that Dulong said she was scared and McCue replied that there was no need to fear as other girls had done the same thing.   De Lorenzo testified that she later accompanied Dulong and McCue on two trips to a Boston physician, that she heard McCue tell Dulong that she would probably have to stay a week on her next visit, and that he also said that the doctor's fee was too high and that he would take her to another doctor.   Subject to exception, De Lorenzo was permitted to testify that McCue said that he would take Dulong to Dr. Cheng where he had taken girls before and they were all right.   Late in August the witness accompanied Dulong and McCue to the house of Dr. Cheng.   On September 1, 1939, the witness met McCue on the street and introduced Mrs. Dulong, the mother of Catherine, to him.   McCue told Mrs. Dulong that her daughter was in trouble and that he wanted to help her, and they went to Dr. Cheng's.   The witness met McCue on September 4, 1939, and he told her to have

Catherine Dulong pack her clothes and meet him at noon as she was going to Dr. Cheng's to stay. De Lorenzo saw Catherine at the doctor's house the next day. She saw her afterwards a few times on the street and at her home, but she never saw her after that. The judge told the jury that the evidence, which was admitted over objection, could be considered as bearing upon the relations of Catherine Dulong with McCue "and his actions, whatever they may have been," and that such evidence was not to be considered against the defendant Cheng. It nowhere appears in the record that, at any time during the trial, the jury were permitted to consider this evidence against Cheng. The conduct of McCue was competent to show that he was anxious to have Dulong submit to an operation to procure a miscarriage, *Commonwealth* v. *Corkin,* 136 Mass. 429; *Commonwealth* v. *Ramey,* 243 Mass. 394; that his purpose in bringing her to Cheng was to have Cheng treat her; and that he was willing to instigate a plan in which Cheng should participate in order to accomplish this illegal purpose. The Commonwealth had the right to show the whole history of the conspiracy from its commencement to its consummation, including the efforts and preparation of one of the defendants in formulating and putting a scheme into effect and the subsequent development and fruition of the scheme. *Commonwealth* v. *Howard,* 205 Mass. 128. *Commonwealth* v. *Stuart,* 207 Mass. 563. *Commonwealth* v. *Lindsey,* 223 Mass. 392. *Commonwealth* v. *Gettigan,* 252 Mass. 450. *Commonwealth* v. *Corcoran,* 252 Mass. 465. *Galdston* v. *McCarthy,* 302 Mass. 36. *Conroy* v. *Fall River Herald News Publishing Co.* 306 Mass. 488.

The exception to permitting the mother to testify as to the number and ages of her children does not appear from anything contained in the record to have prejudiced the rights of either defendant. Substantially similar evidence has been frequently admitted by trial courts. It has been said that its admission is discretionary with the trial judge and that although it might have been better in some instances to exclude such testimony, its admission does not constitute reversible error. *Luiz* v. *Falvey,* 228 Mass. 253.

*Cushing* v. *Jolles*, 292 Mass. 72. *Hess* v. *Boston Elevated Railway*, 304 Mass. 535.

Mrs. Dulong, while at Cheng's home on September 1, 1939, was told by him that he would insert a bag into the womb of Catherine, pump air into the bag, tie up the end of the tube coming from the bag and remove the bag after she had commenced to get cramps, and that whatever was in there would drop down to where the bag had been. She consented to having her daughter treated by Cheng and sent her the next day to see him. A week later she found her daughter crying, and saw a rubber tube coming from her body. The end of it was tied up at her waist line. McCue told her on September 18, 1939, that two doctors were waiting at Dr. Cheng's and that they had everything ready to perform the operation over again, and her daughter got into an automobile with McCue and they drove off. When she saw McCue on the next morning he smelt strongly of ether and he told her that he gave Catherine ether and held her while the doctor inserted the tube. The defendants excepted to the testimony that on September 19, 1939, when she put her arm around her daughter's waist she felt a lump which she knew was a tube. There was no error in the admission of this testimony. From her previous observation of the tube which she had seen attached to her daughter's body, she could testify that the object that she felt was the tube. *Commonwealth* v. *Sturtivant*, 117 Mass. 122. *Commonwealth* v. *Best*, 180 Mass. 492. *Koch* v. *Lynch*, 247 Mass. 459. *Commonwealth* v. *Simpson*, 300 Mass. 45. *Crafts* v. *McCobb*, 303 Mass. 172. *Way* v. *State*, 155 Ala. 52.

Mrs. Dulong left her daughter at Cheng's on the evening of September 19, 1939, and that was the last time she ever saw her. She has not heard from her daughter since September 21, 1939, when her daughter called her on the telephone. She went to Cheng's home on September 25, 1939, and asked him where her daughter was. Both defendants were there. Mrs. Cheng told her that her daughter had left on the preceding Wednesday and that she had heard her telephoning to some one to come and get her as she

did not want to go to an institution. Mrs. Cheng then asked what was wrong with the girl and no one answered. She asked McCue if the girl was in trouble and he said that she was, and she then asked why he did not marry her and McCue said he was already married. Mrs. Cheng told Cheng that she did not want anything like that going on in her house and that she would kill him if anything like that happened in her home. At that time McCue and Cheng were going out the outside door. The defendants' exceptions to the introduction of evidence of this occurrence are untenable. The jury could find that both defendants were present and heard the remarks of Mrs. Cheng and that neither made any reply other than the statement made by McCue. The jury could find that both defendants heard the statements made by Mrs. Cheng, *Commonwealth* v. *Klosowski*, 252 Mass. 149; *Commonwealth* v. *Hamel*, 264 Mass. 564; *Commonwealth* v. *Martin*, 304 Mass. 320, and, if they did, they could further find that the attending circumstances were such as would naturally call for a reply from the defendants unless they intended to admit the truth of the statements. *Commonwealth* v. *Funai*, 146 Mass. 570. *Commonwealth* v. *Trefethen*, 157 Mass. 180, 197, 198. *Commonwealth* v. *McCabe*, 163 Mass. 98. *Commonwealth* v. *Simpson*, 300 Mass. 45.

A medical expert, whose qualifications were unquestioned by the defendants, was allowed to testify, in answer to a hypothetical question, that the insertion of a rubber bag into the womb of a woman who was pregnant for two or three months, inflation of the bag by pumping air into it through a tube which was attached to it, and leaving it in the womb for a period of time, would have the effect of inducing labor and terminating the pregnancy; that there is a medical name for such an instrument; that such an instrument is commonly known to the medical profession as a method employed for inducing labor in a woman pregnant between two and one half and four and one half months; and that the woman after the instrument was inserted could go about her daily activities.

The exception to the hypothetical question is untenable.

The jury could find from the actions and conduct of McCue indicating that he knew Dulong was pregnant, from the course of treatment which Cheng informed Mrs. Dulong he intended to pursue, from the answers made by McCue to the inquiries by Cheng's wife, and from the presence of a rubber tube in Dulong's body after she visited Cheng, that Cheng knew she was pregnant. The question, therefore, could properly be found to have been based upon the testimony, and it was for the jury to say what facts were proved. In determining the scope and fullness of such a question to an expert, much must be left to the discretion of the trial judge, which will not be reversed where, as here, it does not clearly appear to have been wrongly exercised. *Carroll* v. *Boston Elevated Railway*, 200 Mass. 527, 533. *Taylor* v. *Creeley*, 257 Mass. 21, 27. *Sullivan* v. *Brabason*, 264 Mass. 276, 288, 289. *Adams* v. *Bolton*, 297 Mass. 459, 462, 463.

A medical expert who is familiar with the use of instruments may state the name by which they are known in the medical profession; the purpose and the method of their use; and the effect of their use upon the person to whom they are applied. *Commonwealth* v. *Brown*, 121 Mass. 69, 74. *Commonwealth* v. *Sinclair*, 195 Mass. 100. *Commonwealth* v. *Wagner*, 231 Mass. 265. *Commonwealth* v. *Polian*, 288 Mass. 494. *Commonwealth* v. *Bartolini*, 299 Mass. 503. *Commonwealth* v. *Dawn*, 302 Mass. 255. See *Commonwealth* v. *Johnson*, 199 Mass. 55; *Commonwealth* v. *Albert*, 222 Mass. 196; *Commonwealth* v. *Anderson*, 245 Mass. 177.

Various witnesses, including the mother of Catherine Dulong, who would be likely to know her whereabouts if she was in the city where she had resided, were properly permitted to testify that they had not seen or heard from her since late in September, 1939. Such evidence would rebut any argument that might be based upon the failure to call her as a witness. *Commonwealth* v. *Goldberg*, 212 Mass. 88. *Callahan* v. *Boston Elevated Railway*, 215 Mass. 171. *Chandler* v. *Prince*, 217 Mass. 451.

There was no error in the refusal to give the first, fifth and sixth requests for instructions in which the defendants asked that the jury should not take into consideration the

absence of Catherine Dulong; that the Commonwealth must prove she was pregnant; and that her statement that she was pregnant was not evidence of the fact.

As to the first request, it is to be noted that the instructions carefully confined the jury to a consideration of the offence charged. There is nothing in the record to cause any apprehension that the jury would infer from the absence of Catherine Dulong any other wrongdoing upon the part of the defendants. The judge properly instructed the jury upon the limited use which they could make of such statements of Catherine Dulong as they found were made by her and explained that this limitation resulted from her failure to appear as a witness. Consequently, the jury in considering her statements could not ignore her absence and a request that they should do so could not be given. If the defendants wished to have the jury instructed, as they now argue, that her absence should not be considered in reference to any other offence, they should have requested such an instruction. *Commonwealth* v. *Enwright*, 259 Mass. 152. *Commonwealth* v. *Capalbo*, 308 Mass. 376.

The defendants were charged with a conspiracy to commit a violation of G. L. (Ter. Ed.) c. 272, § 19, and not with the substantive offence denounced by that statute. *Commonwealth* v. *Walker*, 108 Mass. 309. *Fox* v. *Commonwealth*, 264 Mass. 51. The pregnancy of the woman is not an essential part of either offence, and there was no error in refusing the fifth and sixth requests, that the Commonwealth must prove Dulong was pregnant and that, if there was no evidence that she was, the defendants must be acquitted. *Commonwealth* v. *Taylor*, 132 Mass. 261. *Commonwealth* v. *Surles*, 165 Mass. 59. *Commonwealth* v. *Nason*, 252 Mass. 545.

*Exceptions overruled.*