COMMONWEALTH *vs.* JOSEPH GOLDBERG & others.

Suffolk. March 11, 1912. — May 24, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Evidence*, Admissions and confessions, Competency. *Constitutional Law*, Rights of defendant in criminal case. *Practice, Criminal*, Right of defendant not to incriminate himself, Minutes of proceeding before grand jury.

At the trial of an indictment it may be shown that a statement of a person concerned with the defendant in the commission of the crime, which tended to show the defendant's guilt, was read to the defendant when he was under arrest upon the indictment and that he replied in substance that he had nothing to say at that time, and such equivocal reply of the defendant may be found by the jury to have been in substance an admission that he could not deny the statement, but it is error for the presiding judge to leave it to the jury to say whether the defendant should have made a statement and whether his failure to do so aided them in coming to a conclusion as to his guilt or innocence.

At the trial of an indictment, where the Commonwealth has introduced evidence of the flight and avoidance of the defendant in another State in proceedings for his extradition, after he had been arrested and held on bail upon the charge in the indictment, the defendant may introduce evidence to explain his avoidance for the purpose of showing that it was due to a cause other than a consciousness of guilt.

A defendant in a criminal case has no right to require the production of the minutes of the testimony taken before the grand jury, who found the indictment against him, for the purpose of contradicting witnesses for the Commonwealth who testified before the grand jury. In the present case it did not appear that there were such minutes.

INDICTMENT, found and returned on June 16, 1911, charging Joseph Goldberg, Jacob Goldberg, one Rothstein and one Krasowski with breaking and entering in the night-time the shop of one Ullian in Boston and the larceny of certain jewelry therein.

In the Superior Court the case was tried before *Ratigan,* J. Before the jury were impanelled the district attorney announced that the defendant Rothstein pleaded guilty and that the Commonwealth would not proceed against the defendant Krasowski, but would proceed against the defendants Goldberg alone. Subject to the exception of the defendants, the Commonwealth was permitted to show that statements made by Rothstein and Krasowski to a deputy superintendent of police and taken down by a stenographer were read to the defendants Goldberg when they were under arrest, and that those defendants, after having been instructed as to their rights, when asked whether they wished to make any statements, answered respectively, "I have nothing to say, but I am not making any statement now until I see a lawyer" and, "I could not tell any statement now," also that, when asked whether they wished to make any reply to a further statement made by Krasowski they answered respectively, "Not exactly now. I will wait a few days," and "I haven't anything to say." A portion of the judge's charge relating to this matter contained the following instruction: "At any rate, they were brought out when these statements were read and asked if they had anything to say with reference to the crime with which they were charged, and I believe in substance they both said they had nothing to say at that time. You are to consider the situation in which those men were placed. They had been brought back here to Boston, a long distance, charged with a serious crime; they were confronted with a man who was said to be an accomplice of theirs, and with another man who had aided them in disposing of some of the goods, or who had bought some of the goods from them, and certain statements were made to them. Now, as disinterested men, as honest men, as men who are to decide this case on the evidence as submitted to you, what would you say ought to have been the course of men who were innocent under those conditions? Should they have made a statement, or should they not have made a statement? Consider that question, gentlemen, in determining this

case and see if it aids you in arriving at any conclusion as to the guilt or innocence of these defendants. Those statements were admitted for that purpose. Of course, they are not binding against these people. It is not an admission on their part, in other words, that they had committed the crime, except in so far as they were called upon under the circumstances to make or not make any statement in regard to it."

The offer of proof made by the defendants to explain their flight from New York, which is referred to in the opinion, was as follows: "I now will contend and show and prove that it was a conspiracy; that their flight from New York city was not an acknowledgment of their guilt, but because of a certain threat and certain advice given to them by their counsel, Moses Saxe, and due to his advice and threat and in fear of what he told them would happen, wrongfully intending to mislead these defendants so that they ran away from New York city." The evidence offered was excluded by the judge, subject to the defendant's exception. This evidence was offered during the cross-examination of one Duggan, a lieutenant of police of the city of New York, who was a witness for the Commonwealth.

The defendants made a motion for the production of the minutes taken before the grand jury for the purpose of contradicting witnesses for the Commonwealth who had testified before the grand jury. The motion was denied. It was stated by the counsel for the Commonwealth that no stenographer was present at the hearing before the grand jury.

The defendants asked for certain rulings, now not material, which were refused by the judge.

The jury returned a verdict of guilty; and the defendants alleged exceptions.

*W. R. Scharton,* for the defendant.

*T. D. Lavelle,* Assistant District Attorney, for the Commonwealth, submitted a brief.

SHELDON, J. We cannot say that the judge erred in admitting the written statements of Rothstein and Krasowski in connection with the answers made by the defendants when these written statements were read to them. The circumstances are very similar to those which were considered in *Commonwealth* v. *Spiropoulos,* 208 Mass. 71, 73; and the question was there so fully discussed that

we need do no more than to refer to that case. But the charge of the judge with reference to this matter went further than was proper. The defendants were not under obligation to make any statement, and their failure to do so could not be considered against them. It was contended by the government that what they did say was not a bare refusal to make any statement or an unequivocal denial of the truth of what had been said by Rothstein and Krasowski, but might be found to have been in substance an admission that they could not deny those statements, and that what was therein affirmed was true. This was the ground upon which the statements were competent to be received in evidence, and this presented the question which should have been submitted to the jury. Instead of doing so the judge left it to the jury to say whether the defendants, who were then under arrest upon the indictment, should have made a statement, and instructed the jury to see whether that consideration aided them in coming to a conclusion as to the guilt or innocence of the defendants. This was erroneous.

The government introduced evidence of the flight and avoidance of the defendants when they had been arrested and held to bail upon this charge in another State upon proceedings for their extradition. This evidence was competent and material. It might have been found to warrant the inference that it was because of their consciousness of guilt that they sought to avoid a trial. But for that very reason it was competent for them to show, if they could, that the reason of their avoidance was not a consciousness of guilt, but that it was due to some other cause consistent with their innocence, and to show what that cause was. This was in substance what they offered to prove, and they should have been allowed to do so. And as they made a general offer of proof to this effect and it was rejected, it does not matter that the judge rightly excluded the particular question which was put to Duggan in cross-examination before the offer of proof was made. Nor was the error cured by the fact that the defendants themselves afterwards testified as to the circumstances and occurrences which preceded their flight. The ruling made does not appear to have been modified or reversed.

The defendants had no right to have the minutes of the testimony taken before the grand jury, if there were such minutes,

produced for their inspection, or to read them to the jury. The ruling excepted to went no further than this.

None of the other exceptions can be sustained. Most of them have not been argued and may be treated as waived.

*Exceptions sustained.*