# Commonwealth of Pennsylvania *v*. Grazziani, Appellant.

*Criminal law—Intoxicating liquor—Manufacture and sale—Evidence—Sufficiency.*

In the trial of an indictment for the manufacture and sale of intoxicating liquor, positive identification by one witness is sufficient

to take the case to a jury, even if two other witnesses of the Commonwealth do not swear that the defendant was one of the men seen on the premises where the liquor was manufactured.

Where the evidence established that the defendant was positively identified as one of the men who fled as the raiding officers approached the still, the fact that the other witness would not swear that they recognized him, was a mere circumstance to be considered by the jury, in connection with the positive testimony of the other witness.

The evidence that the still was in operation and that illicit liquor was being manufactured, that upon the approach of the officers two men were seen running away from the still, and that one of them was identified as the defendant, was sufficient to sustain the conclusion of the jury that the defendant was engaged in the operation carried on in the still. Flight is evidence of guilt, and in connection with other proof, may be the basis from which guilt may be inferred.

Argued October 21, 1925. Appeal No. 75 April T., 1926, by defendant, from judgment and sentence of Q. S. Cambria County, June Sessions 1925, No. 301, in the case of Commonwealth of Pennsylvania v. Ben Grazziani. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for unlawful manufacture and sale of intoxicating liquors. Before REED, P. J. of O. C. Specially Presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were in over-ruling defendant's motion for a new trial and the judgment of the court.

*Alvin Sherbine,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, J., December 14, 1925:

The defendant, Grazziani, was charged in the indict-

ment with (1) manufacturing liquor for beverage purposes, (2) possessing liquor for beverage purposes. The facts as agreed upon by the parties are as follows: It apears that for some time prior to May 20, 1925, a still had been in operation on the Hoffman farm in Adams Township, Cambria County. On the 20th of May, 1925, police officers, headed by Charles B. Salkeld, an ex-policeman of the Borough of South Fork, raided the still and found a number of gallons of "moonshine"; also, a number of barrels of mash and other evidence that a still had been in operation at the place in question.

The place was raided in the early twilight. The testimony of the three raiding officers disclosed the fact that when they approached the still they saw two men running away from the place, that the witnesses were between two hundred and three hundred feet of the men who were running away. All the officers testified that they were acquainted with and knew the defendant. Two of the police officers, who were on the stand, did not identify and would not swear that the defendant, Ben Grazziani, was one of the fleeing men, but said they did not know him. The other witness, Charles B. Salkeld, testified positively that one of the fleeing men was the defendant. There was some attempt by the defendant to prove that he had been seven miles distant from the scene of the raid during the day, but the alibi was not complete inasmuch as there was sufficient time unaccounted for to permit the defendant to drive from his home in South Fork to the place where the still was located. The defendant did not take the stand. The jury returned a verdict of "guilty". The only question before us is,—was there sufficient testimony to support a verdict of "guilty"? The witness, Salkeld, positively identified the defendant as the man who fled as the three raiding officers approached the still. It is true, the other men would not swear that the de-

fendant was one of the fleeing men, although they were acquainted with him, but this is a mere circumstance to be considered by the jury in connection with the uncontradictory testimony of Salkeld. The fact that the still was in operation and that illicit liquor was being manufactured, that upon the approach of the officers two men were seen running away from the still, and that one of them was identified as the defendant, was sufficient to sustain the conclusion of the jury that the defendant was engaged in the operation carried on in the still. Flight is evidence of guilt, and in connection with other proof, may be the basis from which guilt may be inferred. The assignments are overruled. The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.