## Commonwealth *v.* Basso, Appellant.

*Criminal law—Transporting intoxicating liquors—Case for jury.*
In the trial of an indictment for unlawfully transporting intoxicating liquors it appeared that the defendant was found sleeping in an automobile, together with another man named Ryan. One hundred forty-four (144) quarts of intoxicating liquors were discovered in a compartment of the automobile. The defendant testified that he was out of work; that Ryan was going to Harrisburg and invited him to go along for the ride; that instead of going to Harrisburg they went to Chester, where he first learned of the purpose of the trip and that he was afraid of arrest but was compelled to make the return trip with Ryan because he had no money.
Under such circumstances the case was for the jury, and a verdict of guilty will be sustained.

Argued November 19, 1925. Appeal No. 82, April T., 1926, by defendant from judgment of Q. S. Butler County, September T., 1925, No. 12 on verdict of guilty in the case of Commonwealth of Pennsylvania v. Charles Basso. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for unlawfully transporting intoxicating liquor. Before HENNINGER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Error assigned* was the charge of the court.

*W. H. Martin*, for appellant.

*Thomas W. Watson,* District Attorney, for appellee.

OPINION BY TREXLER, J., December 14, 1925:

The defendant was indicted for unlawfully transporting intoxicating liquor for beverage purposes. About four o'clock in the morning, on a public road leading from Butler County, two state troopers found Basso and a man named Ryan sleeping in an automobile. The troopers searched the automobile and found locked in a compartment one hundred forty-four quarts of intoxicating liquor. Basso contended that he had had no part in the unlawful possession or transporting of the liquor. His story was that he lived in Loraine, Ohio, that he was out of work, that he met Ryan who was going to visit his relations at Harrisburg and invited him to go along for the ride. Instead of going to Harrisburg the route selected brought them to Chester, Pennsylvania, where he first learned what purpose of the trip was. He told Ryan that he was afraid of arrest, but was assured everything was all right. He had no money and he was compelled to go along with Ryan on the return trip. His counsel argues that there is no evidence to sustain his conviction for the transportation of liquor. The Commonwealth, however, claims that he was at least an aider, assistant and an abetter to the crime. It strikes us that this was a question for the jury. We cannot assume that where a person is present under circumstances such as these, that the fact that the other person takes the responsibility for the crime, necessarily exculpates him. His story may be true and he may be innocent, but it is not for the court to determine this. The jury is to judge the reasonableness of his explanation in view of all the surrounding circumstances. Perhaps the defendant did not intend to state his case just as it appears upon the record but in response to three questions by the court, he answered as follows: Court: "Do we

understand you to mean that the purpose of your going along was to keep him in company, keep him from getting lonesome, and lend him such assistance as your company would afford? A. Yes, sir. Court: After you knew he was getting a load of whiskey and after he had the whiskey in the car and you knew it was there, did your purpose change? A. No, sir. Court: Then you continued with him to lend your company with such assistance as it afforded? A. Yes, sir." This almost is an admission of guilt. The judge in his charge correctly stated the law, that the jury was not compelled to credit the statements of the defendant, that the defendant had no part in the crime, if from the balance of their testimony and other evidence and circumstances they did not think they were true. Neither was there any error in the charge of the court, for the jury was instructed. "As applied to this case, if Charles Basso, when he started with Jerome Ryan, fully understood the mission of Ryan's trip, and accompanied him for the purpose of aiding, assisting and abetting Ryan in the commission of the crime, though it be in the lending of his presence and company with the support and encouragement that it afforded, he is guilty as indicted. Likewise if he accompanied him after he learned the mission Ryan was on and knew the liquor was in the car, if his purpose was to aid, assist and abet in the commission of the crime and if he did so aid, assist and abet." We are in full accord with the statement that it is error for the court to submit to a jury the question of a defendant assisting and abetting without any supporting evidence but there is evidence to that effect, both in the testimony of the defendant himself and in the circumstances surrounding the whole trip. The appellant's counsel admits that an inference of guilt could be drawn by the jury from the fact that the defendant was in the car that was transporting liquor, providing his presence was unex-

plained, but that when the defendant explained it, the inference no longer remained. As we stated before, his explanation was for the jury—they were to attach such credit to it they thought proper. We see no reason in this case why the court should have discharged the defendant. The case was properly submitted to the jury and we may not dispute its finding. The assignments are over-ruled. The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.