Com. of Pa. *v.* Pursel, Appellant.

Argued April 10, 1933.

·Before TREXLER, P. J., KELLER, CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

E., J. Mullen and with him W. S. Sharpless, for appellant.

Harold G. Teel, District Attorney, for appellee.

Opinion by Parker, J., July 14, 1933:

The appellant, Paul Pursel, was indicted, convicted, and sentenced on a charge of manufacturing intoxicating liquors for beverage purposes. At the same

term and number and by the same jury, he was acquitted on an indictment for possession. He bases his claim to a new trial on three grounds.

It is contended by the defendant that the evidence produced to the jury was not sufficient to sustain a verdict of guilty. The defendant, by his own witnesses, showed that a still for the manufacture of intoxicating liquor had been operated in a house hereinafter referred to for a number of months prior to his arrest and large quantities of moonshine whiskey produced. The immediate question for our consideration is whether there was evidence to show that Paul Pursel was the actor or was aiding, abetting, and assisting in the manufacture of such liquor. A careful consideration of all the evidence leads us to the conclusion that there was ample evidence to submit to a jury and to sustain the verdict.

In June, 1932, Oden Pursel, a minor, was arrested in the borough of Bloomsburg, Columbia County, while transporting intoxicating liquor. State policemen immediately secured a search warrant and went to a farmhouse in Main Township, of that county, in the late evening of the same day and found the house occupied only by Paul Pursel and his young son, a negro servant, and a young woman who claimed she was helping with the housework. After repeated knocking, the defendant came to the door clad only in his night clothes and without shoes or stockings. The officers produced the search warrant, asked admission, and inquired who owned and occupied the premises, and the defendant replied that he did. Another of the officers testified that defendant said he was operating the farm, but later in the evening told the officers that his wife owned the premises. After a considerable search, the policemen were unable to find any liquor. They discovered, however, that the cellar of the house was divided into two parts

by a masonry wall, but could find no access to the one portion. One of the officers then asked the defendant how to get into the other part of the cellar, and the defendant repeatedly denied that there was a cellar under the other part of the building. When the officer asked for an axe for the purpose of cutting through the floor, the defendant slipped out the front door in his night clothes and disappeared in the underbrush, remaining away the balance of the night. A warrant having been sworn out for his arrest, the defendant surrendered himself on the following day. After defendant left the premises, the officers cut through the floor and found about ten inches of shavings and sawdust underneath which there was another floor. After breaking down the second floor, they looked through the hole with the aid of a flash light and could see vats and a still. The officers then returned to the part of the cellar to which they had access, tore away a potato bin, and found an opening into the concealed compartment. There they found a large still of 250 gallons capacity with gauges, pipes, cylinders, gasoline engine, water pumps, vats, approximately two hundred gallons of whiskey contained in barrels, kegs, jugs, and water bottles, and also caramel coloring, pint bottles, labels, caps, oak chips, and several hundred gallons of mash. The still was in operation.

On the trial of the case, Oden Pursel, the eighteen-year old brother of the defendant who had been apprehended while transporting intoxicating liquor, assumed the entire responsibility for the installation and operation of the still. There was evidence on the part of defendant that the farm had been purchased under an article of agreement by Lucy Pursel, wife of the defendant, but that the original payment was made from funds owned jointly by the defendant and his wife, and that about a year prior to the raid the farm

had been leased by Lucy Pursel to Oden Pursel for farming purposes. However, for many months prior to the raid the defendant had been engaged in removing mine props from the farm and was on the farm daily in the performance of his work, staying in the house at night several times a month. The wife, Lucy Pursel, was rarely at the premises. The testimony produced upon the part of the defendant was so contradictory that it not only affected the credibility of the respective witnesses, but was of such a nature that the jury might have concluded that the defense was fabricated, furnishing affirmative evidence as to the guilt of the defendant. The presence of the defendant upon the premises in apparent charge thereof at the time of the raid with no other responsible person there, his assertions with reference to the concealed cellar, his admissions to the officers that he was operating the farm, and the facts that his wife rarely visited it and that when the still was about to be detected by the officers he fled the premises, taken with the character of the defense, were in our opinion ample to warrant the conviction.

The flight of a person charged with a crime immediately after the commission of an offense or when the offense is detected by officers of the law is a circumstance which a jury may always take into consideration: Com. v. McMahon, 145 Pa. 413, 22 Atl. 971; Com. v. Van Horn, 188 Pa. 143, 41 Atl. 469; Com. v. De Felippis, 245 Pa. 612, 91 Atl. 1059; Com. v. Grazziani, 86 Pa. Superior Ct. 571. The mere fact that another person takes responsibility for a crime does not necessarily exculpate a defendant. These were facts to be considered by the jury and of which they are sole judges. If the jury had accepted the explanation of the defendant, they would undoubtedly have acquitted him. We see no reason which would have justified the court in discharging the jury from

consideration of the case. See Com. v. Basso, 87 Pa. Superior Ct. 50; Com. v. Jones, 89 Pa. Superior Ct. 219; Com. v. Knittle, 89 Pa. Superior Ct. 222.

It is next contended that because upon the same evidence the defendant was acquitted of the charge of possession, this constituted such an inconsistency in the two verdicts that the verdict of guilty could not stand. We have carefully considered this matter in a recent case to which we refer. See Com. v. Kline, 107 Pa. Superior Ct. 594, 164 Atl. 124.

It is finally contended that the charge of the court was prejudicial to the rights of the defendant. A careful reading of the entire charge leads us to the conclusion that it was adequate and accurate. Some complaint is made of the fact that the court called the attention of the jury to inconsistencies in the testimony of the defendant's witnesses. It was not only the right of the court so to do, but its duty to point out such matters to the jury. In Com. v. Boschino, 176 Pa. 103, 115, 34 Atl. 964, the court said: "It is the special duty of the court to call attention to discrepancies in the testimony." It is the right of a judge and often it is his duty to express his opinion of the weight and the effect of the evidence. "The only limitation of the right is that there must be reasonable ground for his statement and that it is not made as a binding direction but leaves the jury free to act": Com. v. Cunningham, 232 Pa. 609, 611, 81 Atl. 711. Also see Com. v. Webb, 252 Pa. 187, 97 Atl. 189, and Com. v. Orr, 138 Pa. 276, 20 Atl. 866. Not only was the charge fair and impartial, but it was more complete and accurate than is usually found in cases of this character. The defendant had a fair and impartial trial.

The judgment of the lower court is affirmed and the record remitted to the court below and it is ordered that appellant appear therein at such time as

he may be there called and that he be by that court committed until he has complied with the sentence or any part thereof which had not been performed at the time order of supersedeas was granted.