## Com. of Pa. v. Benedict, Appellant.

Argued March 16, 1934.

Before Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*William T. Connor,* and with him *Bernard J. Myers* of *Zimmerman, Myers and Kready,* and *John R. K. Scott,* for appellant.

*Paul A. Mueller,* District Attorney, and with him *Wilhelm F. Knauer,* Special Deputy Attorney General, for appellee.

Opinion by Parker, J., July 13, 1934:

The defendant, Mike Benedict, was indicted, tried, convicted, and sentenced on two separate charges of embracery and has appealed to this court in both cases, which will be disposed of in one opinion. There are three questions involved, all of which concern the admissibility of evidence.

One indictment charged that the defendant, on and before June 13, 1932, "did unlawfully attempt to corrupt or influence Fitzgerald Hiestand," a grand juror for Lancaster County called for a session of court beginning June 13, 1932, "by endeavoring by conversation, persuasion, promises, entreaties, or by other private means to bias the mind or judgment of the said grand juror, as to the cause of the Commonwealth of Pennsylvania v. Mike Benedict on the charge of bribery and corrupt solicitation pending" in the criminal courts of Lancaster County for June Term, 1932, to which Hiestand had been summoned as a grand juror and before which bills of indictment were to be presented for the action of such jury. The other indictment charged the same offense under the same circumstances with respect to another grand juror, William Hoffman.

(1) The appellant first complains of the admission in evidence of a bill of indictment charging the defendant and another with the crimes of corrupt solicitation and bribery. The indictment in the bribery case was received in evidence and was competent for the purpose of showing that a charge was pending before the court of quarter sessions for which a grand jury had been summoned and of which Hiestand and Hoffman were members, and in which the defendant was necessarily interested. Although it is a well known rule of evidence that in a trial of a defendant for a crime, proof of another distinct crime unconnected with that laid in the indictment is not admissible, yet

where it is necessary to refer to or introduce evidence as to the other offense for the purpose of proving the essentials of the crime for which the defendant is then being tried, such evidence is admissible notwithstanding the fact that it discloses a situation that may not be favorable to the defendant: Com. v. Coles, 265 Pa. 362, 366, 108 A. 826; Com. v. Weiss, 284 Pa. 105, 110, 130 A. 403. Apparently the able counsel who appeared in this case did not, at the time of the trial, have a different opinion as to the admissibility of this evidence for it was received without objection or exception, and although twelve reasons were assigned in support of a motion for a new trial, no reference was made to the admission of evidence here complained of. It is well settled that questions not raised in the court below will not, as a rule, be considered on appeal, and this rule applies even to constitutional questions: Com. v. Cauffiel, 298 Pa. 319, 148 A. 311.

(2) The second complaint, based on the fifth assignment of error, complains that the official court stenographer was permitted, over defendant's objection, to read into the evidence a portion of the notes of testimony of the previous trial of the defendant on the charge of corrupt solicitation and bribery, wherein the defendant testified on cross-examination that immediately before the convening of the grand jury he had visited Hiestand and Hoffman, and when he was asked, ''Why did you run around to the grand jury that was going to act on your case if you were so innocent?'' answered, ''If you were innocent of a crime, wouldn't you want people to know that you were innocent?'' It is a novel proposition to us that there should be any question as to admissions of the defendant not made under duress being competent and material. This defendant had been a witness in the first case on his own behalf and without compulsion testified. Certainly such admissions, taken under oath,

would be just as binding on him and just as competent as other declarations. The appellant argues that he was being compelled to give evidence against himself in this case. He was not and, in fact, did not testify. His admissions were properly received.

(3) The remaining complaint is to the admission of the record in this case for the purpose of showing that the defendant was a fugitive. The record disclosed that the complaint was made against the defendant on June 17, 1932; that indictments were found on September 14, 1932; that an effort was made to apprehend him; and that he could not be found until he surrendered himself on December 16, 1932. It is well settled law that the fact that a person suspected or charged with a crime flees the jurisdiction or conceals himself in order to avoid arrest, is admissible: Com. v. McMahon, 145 Pa. 413, 22 A. 971; Com. v. Salyards, 158 Pa. 501, 27 A. 993; Com. v. Boschino, 176 Pa. 103, 34 A. 964; Com. v. DeFelippis, 245 Pa. 612, 91 A. 1059; Com. v. Delfino, 259 Pa. 272, 102 A. 949; Com. v. Grazziani, 86 Pa. Superior Ct. 571.

The judgments of the lower court at Nos. 39 and 40 October Term, 1934, are affirmed, and it is directed that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeals in this case were made a supersedeas.