Opinion by
 

 Rhodes, J.,
 

 The defendant, Joseph Myers, was indicted for attempting to break and enter a certain store with intent to steal. At the trial he demurred to the evidence. The demurrer was overruled, and the jury returned a ver
 
 *260
 
 diet of guilty. A new trial was refused, and sentence was imposed. Defendant has appealed to this court.
 

 Appellant did not take the stand or controvert in any way the evidence introduced by the Commonwealth. It appears that about 5 a.m. on November 1, 1936, Edward A. Goram, a police officer of Lower Merion Township, Montgomery County, was secreted in the doorway of an apartment adjoining a drugstore, known as the Haverford Pharmacy, in that township. At that time of the morning it was dark, but street lights lit up the street in front of him. He saw a large black sedan stop in front of the door behind which he was standing. “Two men got out of the car and went to the drug store door.” One man remained in the back seat, another stood on the runningboard on the opposite side of the automobile from the police officer. The door of the automobile nearest to the officer was left open, and the motor was kept running. The officer, after hearing pounding at the drugstore, emerged from his hiding place, whereupon the man on the runningboard of the automobile gave an alarm, the two men fled, the automobile was immediately driven away, and subsequently the fleeing men were seen to enter it some distance away. Goram fired six shots as he pursued the automobile, but he was unsuccessful in stopping it. He was able to observe fully the man standing on the runningboard of the automobile about 16 feet away from where the officer was concealed.
 

 Within a week or ten days after this event, Goram went to the police station at Sixty-first and Thompson Streets, Philadelphia, and there identified appellant from six men as the one who was standing on the runningboard of the automobile that morning. Appellant, upon being arrested and committed to the Montgomery County jail, obtained a writ of habeas corpus. After hearing on the writ, held on February 5,1937, he was remanded to jail, bail having been fixed
 
 *261
 
 at $2,500. Thereafter he secured bail and was released. Having been indicted by the grand jury, his case was called for trial on April 5, 1937. He did not appear. A bench warrant was issued on the same day. Attempts to locate him were unsuccessful. He was subsequently apprehended in Philadelphia and brought back to Montgomery County, on October 1, 1937, where he was tried on November 4, 1937.
 

 As stated by appellant there are five questions involved. As the case must be sent back for retrial, we shall consider the questions raised to obviate any uncertainty in the event they again arise on the new trial. The first, embraced in the first assignment of error, relates to the sufficiency of the evidence to sustain the verdict of the jury. He argues that the evidence fails to prove either an intent to commit a felony or an attempt to feloniously break and enter as to him. As stated in
 
 Com. v. Tadrick et
 
 al.,1 Pa. Superior Ct. 555, at page 566: “To constitute an attempt there must be an intent to do a thing, combined with an overt act which falls short of the thing intended.” Again, in
 
 Com. v. Crow,
 
 303 Pa. 91, at page 98, 154 A. 283, at page 285, the definition of an attempt is given as follows: “An attempt is an overt act done in pursuance of an intent to do a specific thing, but falling short of completion:
 
 Com. v.
 
 Eagan, 190 Pa. 10 [42 A. 374]; or as defined in 8 R. C. L. 277: ‘An indictable attempt, therefore, consists of two important elements: first, an intent to commit the crime; and, second, a direct ineffectual act done towards its commission. It will be observed that a failure to consummate the crime is as much an element of an attempt to commit it as the intent and the performance of an overt act towards its commission.’ ” Commonwealth’s evidence showed that appellant and three other men drove up to the drugstore in an automobile about 5 o’clock in the morning; that two of the men alighted and went over to the
 
 *262
 
 entrance of the drugstore; that one of the men remained in the automobile, with the door open and the motor running; that appellant stood on the runningboard on the opposite side of the car from the drugstore, looking up and down the street; that, after listening to the pounding at the drugstore for about two minutes, and after observing especially the one who stood on the runningboard acting as a lookout, the police officer opened the door of the adjoining apartment, where he had been concealed, and started out; that appellant who was standing on the runningboard gave an alarm; that the two men who were at the drugstore then started to run. The one ran north, and the other diagonally across the street, and the automobile immediately proceeded north as the men ran. Both men then ran towards the railroad station, where the automobile was stopped and these men entered it. Six shots were fired by the police officer at the automobile and the fleeing men, but he was not successful in stopping the automobile or in apprehending any of the men. Appellant was identified at the trial as the man who was standing on the runningboard of the automobile and gave the alarm as the police officer approached. The evidence was sufficient for the jury to find, beyond a reasonable doubt, that appellant was guilty of the crime charged. We would not be justified in holding as a matter of law that the facts and circumstances were consistent with anything other than his guilt. See
 
 Com. v. Benz,
 
 318 Pa. 465, 472, 178 A. 390. We are not persuaded that there was any error on the part of the court below in submitting the case to the jury. See
 
 Com. v. DuBoise,
 
 269 Pa. 169, 112 A. 461. It may be reasonably inferred that the entry, with intent to commit a felony, failed only by reason of the interruption by the police officer. Apparently there was an overt act which would have resulted, if not interrupted, in crime. See Wharton Criminal Law, 10th Ed., §183. The conduct of appel
 
 *263
 
 lant and Ms associates, engaged at the time in a common enterprise, was indicative of felonious intent.
 

 It is also argued on behalf of appellant that the Commonwealth failed to prove that the ownership or right of occupancy of the drugstore was in some person other than appellant, or the persons alleged to have been his confederates, and that this was a fatal defect requiring appellant’s discharge. We think the Commonwealth’s evidence meets the legal requirements in this connection. As the evidence was sufficient to show an attempt to break and enter the store, with an intent to steal, more specific proof of ownership was not a fundamental requisite of Commonwealth’s ease.
 

 Appellant further complains that the trial judge, over objection, admitted on direct examination the testimony of Officer Goram ,to the effect that, a week after the occurrence in question, while at a police station in the city of Philadelphia, he saw and identified appellant. This testimony was permitted after the witness identified appellant in open court. The objection to the admission of this testimony was on the ground that it was a previous declaration of the witness, introduced for the purpose of corroborating his testimony at the trial. Officer Goram testified at the trial that he recognized appellant as the man who was on the runningboard of the car that morning in front of the drugstore. He was then permitted to testify that, in company with two other police officials, he went to the Sixty-first and Thompson Street police station, Philadelphia, where he saw appellant and identified him from six men as the same individual he saw on the morning of November 1, 1936. The admission of this testimony was proper, and is supported by the authorities. See
 
 Com. v. Goetz,
 
 129 Pa. Superior Ct. 22, 195 A. 144.
 

 Appellant next complains that reversible error was committed when the Commonwealth was permitted, over appellant’s objection, to introduce evidence that
 
 *264
 
 appellant’s case was called for trial on April 5, 1937; that appellant was not present when called; that he was not to be found in the courtroom, or corridors of the courthouse; that a bench warrant was issued; that on the same day, April 5,1937, an officer went to the home of appellant in Philadelphia; that appellant was not there; that efforts were made to locate him in several places; that further efforts were made to apprehend him at his home, but that he could not be found; that the bench warrant was turned over to the Philadelphia police; that a county detective employed by the district attorney of Montgomery County next saw appellant on October 1, 1937, in City Hall, Philadelphia; that the detective went there as the result of information which he received concerning appellant; that appellant was brought back to Montgomery County and committed to jail. It also appears that after hearing on a writ of habeas corpus on February 5, 1937, bail was fixed in the amount of $2,500, which appellant subsequently obtained and was thereafter released. The recognizance provided for appellant’s appearance. It is well settled that evidence of flight following the commission of a crime is admissible as having a tendency to prove the guilt of accused. See
 
 Com. v. Fasci,
 
 287 Pa. 1, 134 A. 465;
 
 Com. v. McMahon,
 
 145 Pa. 413, 22 A. 971;
 
 Com. v. De Felippis,
 
 245 Pa. 612, 91 A. 1059;
 
 Com. v. Bezek,
 
 168 Pa. 603, 32 A. 109, 25 A. L. R. 886. We think the same rule is applicable where the accused flees after he has been arrested and admitted to bail. Appellant contends that “flight” has always been construed to mean a fleeing from the jurisdiction, and that the evidence produced by the Commonwealth was not sufficient to show “flight” of appellant. To this argument it may be said that the term “flight” in criminal law is not confined to such narrow limits. The term also includes “the evading of the course of justice by voluntarily withdrawing oneself in order to avoid arrest or deten
 
 *265
 
 tion, or the institution or continuance of criminal proceedings”: 16 Corpus Juris, §1063, p. 552. It signifies not only a leaving of the jurisdiction, but any leaving or concealment to avoid arrest or prosecution after arrest. Evidence as to appellant’s conduct after the entry of bail would be competent and material if it would warrant the inference that it was because of appellant’s consciousness of guilt that he had sought to avoid a trial. It would then be competent for appellant to show, if he could, that the reason for his avoidance was not a consciousness of guilt, but that it was due to some other cause consistent with his innocence, and to show what that cause was. See
 
 Com. v. Goldberg et al., 212
 
 Mass. 88, 98 N. E. 692;
 
 Saylor v. Com.
 
 (Ky.) 57 S. W. 614.
 

 Appellant’s seventh assignment of error relates to the refusal of the trial judge to withdraw a juror because of alleged prejudicial remarks of the district attorney in his address to the jury. As the case must go back for retrial, the question raised under this assignment need not be considered, except to say that the prosecutor’s remarks to the jury should not contain any adverse reference to the failure of appellant to offer himself as a witness in the event that he does not testify on his own behalf. See Section 10, Act of May 23, 1887, P. L. 158 (19 PS §631).
 

 Appellant finally complains (fourteenth assignment of error) of the court’s refusal to charge on the law of circumstantial evidence and the probative value of such evidence. No witness was produced who actually saw the attempt to break and enter made. To some extent at least, the proof of the crime charged against appellant rested on circumstantial evidence. The things which appellant and the others with him did were circumstances to be considered by the jury in determining the question of his guilt or innocence. Taking into consideration the nature of the evidence introduced,
 
 *266
 
 and the crime as laid in the indictment, and in view of the specific request to charge as to circumstantial evidence, and as to the rule by which the probative value of such evidence was to be measured, we think the refusal by the trial judge amounts to reversible error. See
 
 Com. v. Johnston,
 
 98 Pa. Superior Ct. 586;
 
 Com. v. Braunfeldt,
 
 72 Pa. Superior Ct. 25. The fourteenth assignment of error is sustained.
 

 Judgment is reversed, and a new trial granted.