## Commonwealth *v.* Hartung et ux., Appellants.

Argued September 26, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Milton S. Leidner,* for appellants.

*Raymond V. John,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

OPINION BY HIRT, J., November 15, 1944:

Defendants, husband and wife, were found guilty in a general verdict on six counts of a single indictment. They were charged with keeping a disorderly house, a bawdy house, and a building for the purpose of prostitution and assignation. All of the charges were related and depended for their proof on the same acts of the defendants. We agree that the evidence does

not support a conviction on any count except that of keeping a disorderly house and we will consider that charge alone. The sentences in this case were within the statutory penalty for that offense. If, therefore, the evidence sustains a conviction on that count, the judgments of sentence must be sustained although the proofs are insufficient to support convictions on the other counts. *Com. v. Pearlman*, 126 Pa. Superior Ct. 461, 191 A. 365.

Defendants, together, operated the Biltmore Hotel at 1513 Arch Street in Philadelphia. The police in plain clothes entered the hotel at one o'clock in the morning of January 12, 1944, and found both defendants behind the desk where guests were registered. Within a short time, while the police were present two couples made requests for rooms. The officers also found a sailor and a woman in the hall waiting to secure a room. All of them were unmarried. While this was not evidence against the defendants there is other testimony charging them with knowingly providing rooms in the hotel for the purpose of fornication. An unmarried couple were found in bed in each of two rooms. Only the man had registered in each instance. Unmarried couples were found in beds in two other rooms. None of these occupants had baggage and the circumstances under which they applied for rooms put the defendants on notice of their unlawful intent. One registration card found at the desk indicated the assignment of a room to a couple during the evening preceding the raid. The officers found the room vacant but the bed showed evidence of use. The registration card, obviously fictitious with an attempt at humor, was signed Sgt. Fee Foo Fun. Defendants contend that the indiscriminate renting of rooms, even with notice of the unlawful purpose for which they were to be used, does not stamp the hotel a disorderly house under the statute because the disorder occurred wholly within

the building and did not result in a disturbance of the neighborhood.

Under the common law "Any act which has a direct tendency to corrupt the public morals, or which tends to shock the public sense of morality and decency, is a misdemeanor, whether covered by any statute or not": *Com. v. Schoen*, 25 Pa. Superior Ct. 211; *Com. v. DeGrange*, 97 Pa. Superior Ct. 181, 186. Defendants were guilty of an offense punishable at common law. But since they were charged with maintaining a disorderly house under the Criminal Code, (§511 of the Act of June 24, 1939, P. L. 872, 18 PS 4511, substantially a re-enactment of §42 of the Code of 1860, P. L. 382) the question is whether the proofs are within the statutory definition or description of the offense. *Com. v. Clark*, 123 Pa. Superior Ct. 277, 294, 187 A. 237. The section did not create a new offense but merely defined a misdemeanor long known to the common law. *Com. v. Soo Hoo Doo*, 41 Pa. Superior Ct. 249.

Some kinds of houses become nuisances and therefore disorderly only when conducted in a manner annoying to the public; this class includes places where, e. g., drunkenness or boisterous conduct are encouraged or permitted (even in a duly licensed tavern) to the annoyance of the neighborhood. Other kinds of establishments are regarded in law as common nuisances affecting the public per se, such as bawdy houses and common gambling houses. *Com. v. Ciccone*, 85 Pa. Superior Ct. 316. They are disorderly houses in a broad sense regardless of the fact that the only annoyance to the public is their existence. The unlawful practices occur behind closed doors and these houses generally are so conducted as not actually to disturb the peace and quiet of the neighborhood. A public hotel, the proprietors of which knowingly, openly, and indiscriminately rent its rooms for the purpose of fornication, is within that class and is a public and common nuisance

per se; such hotel therefore, is a disorderly house within the statute. It was with this principle in mind that we said: "A hotel which knowingly permits couples of different sexes to occupy the same rooms without registering as husband and wife is correctly regarded as a disorderly house, and those in charge of it may be prosecuted for maintaining such a house": *Warren v. Penn-Harris Hotel Co.*, 91 Pa. Superior Ct. 195. The essence of the offense is that it is a nuisance in itself offending public morals. The providing of facilities for fornication, especially where immature persons are involved, may in fact be even a greater offense against public morals than conducting a bawdy house. As an incident, a bawdy house, a common gambling house or a hotel so conducted, sooner or later may result in the actual "disturbance of the neighborhood or orderly citizens," but the prosecution need not await that event. Under the common law a prosecution for keeping a disorderly house could be sustained by proof that it was resorted to for immoral purposes without evidence that it was otherwise disorderly (Cf. *Com. v. Goodall*, 165 Mass. 588, 43 N.E. 520; *State v. Williams*, 30 N. J. Law 102) and our statute did not intend an innovation on the common law in this respect. A statute does not work a change in the common law unless the intent to alter it clearly appears. *Bridgeford v. Groh et ux.*, 306 Pa. 566, 160 A. 451. The immoral purpose for which the house is kept is what makes it disorderly and a public nuisance, and it is not necessary that there be any noise or disturbance or that any indecency or disorderly conduct shall be observable from the outside. A house may be disorderly because it disturbs the peace and quiet of the neighborhood; but where the disorder amounts to a common nuisance in itself, proof of such disturbance is not essential.

In seeking a new trial defendants also argue that the court improperly admitted testimony of the de-

fendant husband against his wife. At common law, husband and wife are incompetent to testify against each other and the rule has never been relaxed. *Canole v. Allen*, 222 Pa. 156, 70 A. 1053. The testimony in question however does not offend against the rule. There is nothing in the law prohibiting a husband from testifying in favor of his wife. Testifying for himself and on behalf of his wife defendant husband denied the charge. On his cross-examination the following appears in the record: "Q. As a matter of fact, you told the police that night they came in the place and placed you under arrest, as the reason why you were renting the rooms without baggage—you said to Officer Jones, 'Don't blame it on me; it is my wife. She is hungry for the dollar'? A. I admit that. The Court: In view of that, Mr. John, there is no point in asking him another question. Mr. Leidner: I move for the withdrawal of a juror on your Honor's remark. The Court: Motion refused." Since the husband was called to testify not only for himself but in defense of his wife, both defendants took the risk of his testimony. A husband's testimony adverse to his wife if developed on cross-examination is not within the rule and is evidence which may properly be considered; this is a necessary risk incident to the right to call the husband as a witness on behalf of the wife. *Canole v. Allen*, supra; *Kerr v. Clements*, 148 Pa. Superior Ct. 378, 25 A. 2d 737. It will be noted that defendants did not object to this testimony nor except to the refusal of the court to withdraw a juror. "We have frequently said that the trial judge, upon reasonable ground, has the right to express his opinion as to the weight or value of certain evidence or the credibility of a witness, provided it is not made as a binding direction, but leaves the jury free to act": *Com. v. Lucchese*, 155 Pa. Superior Ct. 325, 38 A. 2d 722;

*Com. v. Pursel,* 110 Pa. Superior Ct. 110, 167 A. 399. The refusal of the judge to withdraw a juror in this instance was not error. The admission of the husband went to his credibility and the weight of his testimony in maintaining his innocence and that of his wife, and the charge of the court properly submitted those questions, leaving the jury free to decide.

Judgments affirmed, and it is ordered that defendant Paul Hartung appear in the court below at such time as he may there be called and that he be committed until he has complied with the sentence imposed.