Commonwealth *v.* Mahramus, Appellant.

Argued November 13, 1967.  Before ERVIN, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WRIGHT, J., absent).

*George B. Stegenga,* for appellant.

*Adrian V. Sannier,* Assistant District Attorney, with him *Harold V. Fergus,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., December 14, 1967:

This is an appeal by Nick Mahramus, appellant, from a conviction for a violation of the Act of June 24, 1939, P. L. 872, §511, 18 P.S. §4511, commonly referred to as the "Disorderly House" statute. Appellant was tried nonjury in the Court of Quarter Sessions of Washington County, found guilty and sentenced to pay a fine of $100 and serve 45 days in the Washington County Jail. Motions for a new trial and arrest of judgment were denied by the trial court.

The statute under which appellant was convicted provides, in pertinent part, "Whoever keeps and maintains a common, ill-governed and disorderly house or place, to the encouragement of idleness, gaming, drinking, or misbehavior, and to the common nuisance and disturbance of the neighborhood or orderly citizens, is guilty of a misdemeanor. . . ." As stated by this court in *Commonwealth v. Greer,* 203 Pa. Superior Ct. 110, 113, 198 A. 2d 626 (1964), citing *Commonwealth v. Ciccone,* 85 Pa. Superior Ct. 316 (1925), "In a broad sense the term 'disorderly house' includes bawdyhouses, common gambling houses, and places of like character. It must, however, be recognized that the specific kinds of disorderly houses which are regarded in law as nuisances per se are bawdyhouses and gaming houses. The other kinds of disorderly houses are nuisances only as they are conducted in a manner to annoy the public; this class includes tippling houses and places of like

character. The neighbors who complain of the disturbance caused by this latter class of nuisances, may be called as witnesses to state the specific facts upon which they ground their complaints, and which it is charged disturb the peace and quiet of the neighborhood. Such houses, not being nuisances per se, it must be shown that they are conducted in a manner to annoy the public, and in such a case evidence as to the general reputation of the place is not admissible."

Appellant's sole contention on this appeal is that there was insufficient evidence to sustain his conviction, and that the motion in arrest of judgment was therefore improperly denied. To determine the validity of this contention we must examine the evidence presented by the Commonwealth in support of its allegations.

A policeman of the Borough of Canonsburg, while on foot patrol, passed a storeroom at 539 Adams Avenue. He testified that as he went by the rear door of the storeroom he could hear voices, although he could not make out any of the conversation, and that he could also hear what sounded like "money hitting the pavement, silver money hitting the pavement." The policeman then called the desk sergeant and related this information, whereupon the Chief of Police obtained a search warrant. Upon their arrival at the storeroom, after knocking twice the police forced their way in and observed a total of six people, all except the defendant sitting at a table. Two of the people at this table were playing cards, while the remainder appeared to be watching television. There was no evidence of any gambling. The police confiscated two decks of playing cards, an empty cigar box and a large cloth, approximately 9 x 5, which had been nailed to a plywood board leaning against a wall in the rear of the building. Further testimony elicited information that the police had received complaints to the effect that groups of people

had been congregating at the storeroom until the early hours of the morning, and an officer had been assigned to the storeroom to prevent gambling. This officer was stationed there for a period of four different nights, but no evidence of gambling on the premises could be obtained from him or any other member of the police force, as the following colloquy between counsel for appellant and the Chief of Police indicates:

"Q. You have no evidence of any gambling ever being conducted there except what you might have heard from someone. You personally have no evidence of gambling?

"A. I already testified it is impossible to see anybody gambling in this room.

"Q. None of your men on the force ever saw gambling there?

"A. No, we didn't.

"Q. You had the place under surveillance for three weeks?

"A. Correct."[1]

This represents the entire quantum of substantive evidence adduced by the Commonwealth in proof of its case. There is other evidence of a circumstantial nature tending to show that the police had received complaints which led them to conclude that gambling was in fact occurring on the premises in question, but this evidence cannot be viewed as sufficient to support a conviction in this instance.[2]

The question then becomes "whether the proofs are within the statutory definition or description of the

---

[1] Record, 43a, 44a.

[2] It is interesting to note that the source of some of the complaints mentioned above was, according to the Chief of Police, "roomers upstairs that I think that different occasions had complained of the noise downstairs." Record, 33a. According to appellant, there were no tenants above the storeroom. Record, 49a. It is also of some import that *none* of the alleged complainants mentioned by the Chief of Police were called to testify.

offense." *Commonwealth v. Hartung,* 156 Pa. Superior Ct. 176, 39 A. 2d 734 (1944). The Commonwealth cites the case of *Commonwealth v. Palace,* 164 Pa. Superior Ct. 58, 62, 63 A. 2d 511 (1949), where this court stated:

" 'A crime charged may be wholly sustained by circumstantial evidence where the circumstances proved are such as reasonably and naturally justify an inference of guilt of the accused, and are of such volume and quality as to overcome the presumption of innocence and satisfy the jury of the accused's guilt beyond a reasonable doubt."

The nature of the evidence submitted in the *Palace* case was, however, radically different in both kind and degree. In the first place it established, as far as inferential proof may do so, that gambling was in fact occurring on the premises. Secondly, it was immeasurably more compelling in both "volume and quality" than that offered in the instant case.

The Commonwealth has failed to prove the commission of the offense established in the statute.

The decision of the court below is reversed, and the defendant is discharged.